# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**ALEXEY YERO ALVAREZ,**

    **Petitioner,**

    v.

**MARKWAYNE MULLIN, *et al.*,**

    **Respondents.**

**Case No. 26–cv–06330–ESK**

**OPINION AND ORDER**

    **THIS MATTER** is before the Court on petitioner Alexey Yero Alvarez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

    1.    Petitioner is a citizen of Cuba.  (ECF No. 1 ¶ 1.)    He entered the United States on or about December 31, 2022.  (*Id.* ¶ 19.)

    2.    The Department of Homeland Security (Department) initially detained petitioner but later released him on parole "due to detention capacity." (ECF No. 5–2 p. 3.)

    3.    Petitioner was detained by the Department on May 28, 2026 after a scheduled appointment and was placed in Elizabeth Contract Detention Facility. (ECF No. 1 ¶¶ 18, 21.)  This Petition followed, asserting the respondents violated petitioner's due process rights.   (*Id.* pp. 6, 7.)

    4.    Respondents filed an answer on June 5, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of the country without having been lawfully admitted.  As such, he is an 'applicant for admission' who is not entitled to a bond hearing."   (ECF No. 5 p. 2.)

    5.    I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226.  *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

6.     Petitioner was detained near the border but was released "due to detention capacity." (ECF No. 5–2 p. 3.) This is not release on parole "for urgent humanitarian reasons or significant public benefit … ." 8 U.S.C. § 1182(d)(5)(A).

7.     Furthermore, the Notice to Appear that was issued on May 28, 2026 identified petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled … ." (ECF No. 5–4 p. 5 (emphasis added)). "That language aligns with § 1226(a), not [§ 1225(b)(2)]." *Dabre v. Soto,* No. 26–cv–02142, 2026 WL 699934, at \*2 (D.N.J. Mar. 12, 2026). Therefore, it seems from the record that the Department "has consistently treated [petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to [r]espondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483–84 (S.D.N.Y. 2025) (emphasis in original).

8.     I decline to allow respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Lopez Benitez*, 795 F. Supp. 3d at 486 (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n. 8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

Accordingly,

**IT IS** on this   **11th** day of **June 2026**   **ORDERED** that:

1.     Petitioner's § 2241 Petition is **GRANTED**. Within **24 hours** of this Order's entry, respondents shall **RELEASE** petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2.      Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.      Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.      Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining petitioner under §1225, which this Court has found inapplicable to him.

5.      Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

6.      Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

7.      To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

8.      The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3